[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 01-1519

RANDALL PATTERSON, ET AL.,

Plaintiffs, Appellants,

v.

OMNIPOINT COMMUNICATIONS, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Boudin, Chief Judge,

Rosenn,[*] Senior Circuit Judge,

and Lipez, Circuit Judge.

Edward J. Collins for appellants.
Kenneth Ira Spigle for appellees Tower Ventures, Inc., Omnipoint Communications, Inc., and Omnipoint Communications MB Operations, LLC.
Barbara J. Saint André and Kopelman and Paige, P.C. on brief for appellees Planning Board of the Town of Scituate and its individual members.

---

[*]Of the Third Circuit, sitting by designation.

<u>Per Curiam</u>.  In this case, a number of residents of the towns of Scituate and Cohasset, Massachusetts, have brought suit in federal district court against Omnipoint Communications, Inc. and related entities and the Scituate Planning Board.  The aim is to nullify a permit for a cellular telephone relay tower. The permit was previously granted pursuant to a judicial settlement reached in an action by Omnipoint against town authorities under the Telecommunications Act of 1996 (TCA), 47 U.S.C. § 332 (1994 & Supp. II 1996).

The thrust of the present suit is that the permit violates state law in various respects, both substantive and procedural.  (There are boilerplate references to the federal Constitution in the complaint but the district court said that they were undeveloped and appellants' brief in this court similarly contains no developed constitutional argument.)  The district court dismissed the complaint on the ground that it constituted an impermissible collateral attack on the prior federal judgment mandating the permit.  <u>Patterson</u> v. <u>Omnipoint Communications, Inc.</u>, 122 F. Supp. 2d 222, 226 (D. Mass. 2000).

Appellants' professed basis for jurisdiction in the district court was solely the TCA, but the only seemingly

pertinent provision allows a suit against state or local government action that is "inconsistent" with TCA provisions. The district court thought that jurisdiction might yet be proper insofar as the complaint, although addressed to state law violations, itself implicated a substantial question of federal law, presumably the preemptive authority of the TCA. Brehmer v. Planning Bd. of Town of Wellfleet, 238 F.3d 117, 119 (1st Cir. 2001).

However this may be, the only relief sought was plainly beyond the authority of the district court. A prior federal decree commanded the issuance of the permit; a suit to enjoin the local board from carrying through with the prior decree was nothing more than a collateral attack on the decree. Brehmer itself rejected just such an attack, 238 F.3d at 121, and Brehmer is not only persuasive but is binding on the panel. United States v. Lewko, 269 F.3d 64, 66 (1st Cir. 2001).

Appellants say that it is unfair for them to have no opportunity to contest a decree to which they were not parties. But assuming that they satisfied standing and intervention requirements--issues on which we take no position--they were free to seek to participate at the time that the original decree was approved. And, in the unlikely event that nothing was known

of the proposal for the tower and ensuing litigation, a timely motion to reopen the decree could have been made.

The district court's dismissal is <u>affirmed</u>.