Burnes, J.
Following the allowance of motions to dismiss in their favor in both cases, the defendants, Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications (“Nextel”) and Richard Wrigley have moved for an award of attorneys fees, costs and expanses pursuant to G.L.c. 231, §6F. After review of the papers, my opinion on the motions to dismiss, and the governing law, I allow the motions in the amount requested.
I will not repeat the procedural histoiy of this case that arose out of the plaintiffs’ objections to the installation of a wireless antenna in a cupola in Province-town. That histoiy is succinctly set out in the defendants’ motions. Suffice it to say that the two town boards that issued the permits for the antenna that the plaintiffs object to did so upon order of the Federal District Court upon the entry of a consent judgment.
Notwithstanding that every court that has looked at the question of whether the local boards in Massachusetts are still required to follow all of the requirements of G.L.c. 40A following such an order have said that they do not, the plaintiffs in their recycled brief in opposition to the application for attorneys fees still insist that they had, and have, such a valid claim. Once again, the plaintiffs ignore the guiding authority. See, e.g., Brehmer v. Planning Board of the Town of Wellfleet, 238 F.3d 117, 121-22 (1st Cir. 2001) (Massachusetts law preempted if it requires further proceedings after entry of consent judgment that permits issue); Russell’s Garden Center, Inc. v. Nextel Communications of the Mid-Atlantic, Inc., 296 F.Sup.2d 13, 20 (D.Mass. 2003) (Federal court free to order zoning board of appeals to issue a zoning permit without regard to state zoning laws; filing of lawsuit in state court “naked attempt to circumvent” federal injunction and “completely lacks merit”). See also Metheny et al. v. Becker et al., Lawyers Weekly No. 14-114-04 (Scheier, C.J.) (Middlesex Land Court) (Mise. Case No. 28222) (motion to dismiss Chapter 40A appeal allowed as claim seeks to circumvent a federal court order).
The nonsense of the plaintiffs’ claim should seem self-evident but the Federal Court has spelled it out.
Requiring a zoning board to follow procedural requirements designed to make a decision already made by a valid judicial order would not only frustrate the purposes of the [Telecommunications Act], but also *688 force local zoning boards to choose between disobeying a court order and engaging in a never-ending loop of litigation with dissatisñed residents, all for the sake of a procedural exercise in futility.
Patterson v. Omnipoint Communications, 122 F.Sup.2d 222, 227 (D.Mass. 2000), aff'd per curiam, Patterson v. Omnipoint Communications, 23 Fed.Appx. 17 (1st Cir. 2001).
The plaintiffs still refuse to recognize the futility of their claim.[1]1 can only conclude that they are pursuing this insubstantial and frivolous claim not in good faith, just what G.L.c. 231, §6F is intended to deter.
The defendants’ request for fees in the amount of $5,551.74 is eminently reasonable. They have limited their request to the time spent on their successful motions to dismiss. They have not sought time spent on other aspects of the case, such as the removal to the federal court and the remand to the state court, for which they might have been entitled to recover. They have not sought fees for other controversies with the plaintiffs such as environmental issues raised by the plaintiffs.
ORDER
For the reasons stated in this opinion, the court ALLOWS the defendants’ motion for attorneys fees and costs in the amount of $5,551.74.

The only case cited by the plaintiffs in support of their argument that they are entitled to the full procedural rights contained in Chapter 40A in this situation is Roberts v. Southwestern Bell Mobile Systems, Inc., 429 Mass. 478 (1999). Roberts has nothing to do with this case. The question in Roberts was the scope of review of the grant of a permit by the local Planning Board to construct a telecommunications tower. The Supreme Judicial Court determined that the Telecommunications Act, requiring a review based on substantial evidence, did not preempt the Chapter 40A procedural requirement of a de novo review. This case, however, is not a preemption case; it is a supremacy case. It affirms, as did all the other cases cited, the preeminence of the federal court order requiring the issuance of the permits.